**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**WILLIAM E. EDENFIELD,**

    **Plaintiff,**

**vs.**                                                         **CASE NO. 4:08CV403-WS/AK**

**CYDNEE BROWN, ESQ.,**

    **Defendant.**

                                          **/**

**REPORT AND RECOMMENDATION**

Plaintiff brings this cause pursuant to 42 U.S.C. §1983 seeking damages from his former attorney for each day she postponed his trial by filing an unauthorized motion to continue.  (Doc. 1).

**I.**     **Standard of Review**

A court may dismiss a case proceeding *in forma pauperis* if the complaint fails to state a claim upon which relief may be granted.  28 U.S.C. § 1915A.

*Pro se* complaints are to be held to a less stringent standard than those drafted by an attorney.  Wright v. Newsome, 795 F.2d 964, 967 (11th Cir. 1986), *citing* Haines v. Kerner, 404 U.S. 519, 520-1, 92 S. Ct. 594, 596, 30 L. Ed. 2d 652 (1972).  However, a plaintiff is still required to "set forth factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory."  Worst v. Hart, 1995 WL 431357, *2 (N.D. Fla. 1995).  It cannot be

assumed that a Plaintiff will prove facts which have not been alleged.  <u>Quality Foods de Centro America</u>, 711 F.2d at 995, *citing* <u>Associated General Contractors of California, Inc. v. California State Council of Carpenters</u>, 459 U.S. 519, 103 S. Ct. 897, 902, 74 L. Ed. 2d 723 (1983).  Hence, even though the pleading standard for a *pro se* complaint is quite liberal, "bald assertions and conclusions of law will not suffice."  <u>Leeds v. Meltz</u>, 85 F.3d 51, 53 (2d Cir. 1996).  Additionally, the court's duty to construe a plaintiff's complaint liberally is not the equivalent of a duty to rewrite it.  <u>Peterson v. Atlanta Housing Auth.</u>, 998 F.2d 904, 912 (11th Cir. 1993).

The Court is required to dismiss a complaint at any time if it is determined to be frivolous.  28 U.S.C. §1915(e)(2)(B)(I).  Typically, a court should serve the complaint and have benefit of the defendant's response before making such a determination, but there are compelling reasons for immediately dismissing frivolous suits by prisoners since they unduly burden the courts, obscure meritorious claims, and require innocent parties to expend significant resources in their defense. <u>Williams v. Secretary for the Department of Corrections</u>, 131 Fed. Appx. 682, 686 (11th Cir. 2005).  Dismissal prior to service is also appropriate when the Court determines from the face of the complaint that the factual allegations are clearly baseless or that the legal theories are indisputably meritless.  <u>Williams</u>, *supra*; <u>Carroll v. Gross</u>, 984 F.2d 392, 393 (11th Cir. 1993).

Any complaints Plaintiff has about his representation in a criminal state court proceeding should be brought in a habeas petition challenging his conviction which

**No. 4:08cv403-ws/ak**

requires exhaustion of state court remedies prior to seeking relief in federal court. See 28 U.S.C. §2254.

Insofar as Plaintiff seeks monetary damages for this alleged ineffective assistance of counsel, he is precluded from damages for constitutional violations related to a sentence or conviction that has not yet been reversed or invalidated. Heck v. Humphrey, 512 U.S. 477, 114 S. Ct. 2364, 2372, 129 L. Ed. 2d 383 (1994). Based on the papers attached to the complaint, it appears that these criminal proceedings may be ongoing. Regardless, there is no evidence before the Court that the proceedings concluded in his favor and any further consideration of the issues by this Court may only delay any resolution by the proper forum for these type of claims.

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's complaint, doc. 1, be **DISMISSED** for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2).

**IN CHAMBERS** at Gainesville, Florida, this _8th_ day of January, 2009.

*s/ A. KORNBLUM*
**ALLAN KORNBLUM**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**

**No. 4:08cv403-ws/ak**